# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**GLENN MICHAEL POTEET**          **CIVIL ACTION NO.** _____

    **Plaintiff,**                **JUDGE** _____

**VERSUS**                      **MAGISTRATE JUDGE** _____

**CHAMPION MORTGAGE CO.**

    **Defendant**

## NOTICE OF REMOVAL

Defendant, Champion Mortgage Company (hereinafter "Champion"), removes to this Court the Petition filed by the plaintiff, Glenn Michael Poteet (hereinafter "Plaintiff"), in the matter entitled "Glenn Michael Poteet vs. Champion Mortgage Co.," suit no. C-20151228 I, 15th Judicial District Court, Parish of Lafayette, State of Louisiana (hereinafter referred to as the "State Court Action").  In support of this Notice of Removal, Champion respectfully represents as follows:

1.

On or about March 12, 2015, a Petition was filed with the Clerk of Court for the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, bearing civil matter number C-20151228 I on the docket of said Court, which is within the United States District Court for the Western District of Louisiana, Lafayette Division.[1]

---

[1] *See* Petition, attached hereto as Exhibit A.

540901.1

2.

In the Petition, the Plaintiff names Champion as the only defendant.[2]

## THE PLAINTIFF'S FACTUAL ALLEGATIONS

3.

In the Petition, the Plaintiff alleges that he incurred large medical bills as the result of an unexpected illness.[3]

4.

In the Petition, the Plaintiff alleges that, on October 22, 2010, he entered into a home equity conversion mortgage (reverse mortgage) with One Reverse Mortgage, LLC over his property located at 23 Larkspur Lane, Lafayette, LA 70507.[4]

5.

In the Petition, the Plaintiff alleges that he is a single person.[5]

6.

In the Petition, the Plaintiff alleges that the reverse mortgage check was issued payable to the Plaintiff and his ex-wife, Dale Smith Poteet.[6]

7.

In the Petition, the Plaintiff alleges that he returned the check so that another check could be issued payable to the Plaintiff, only.[7]

---

[2] *See* Petition at ¶ 1.
[3] *See* Petition at ¶ 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

540901.1

8.

In the Petition, the Plaintiff alleges a replacement check was issued payable to the Plaintiff only.[8]

9.

In the Petition, the Plaintiff alleges that, by the time that he received the re-issued/replacement check, he was able to compromise his medical bills so that he no longer needed the funds from the reverse mortgage.[9]

10.

In the Petition, the Plaintiff alleges that he never cashed the re-issued/replacement reverse mortgage check.[10]

11.

In the Petition, the Plaintiff alleges that, at some point after October 22, 2010, the reverse mortgage was transferred from One Reverse Mortgage, LLC to Champion Mortgage Company.[11]

12.

In the Petition, the Plaintiff alleges that, on September 17, 2014, his attorney sent a letter to Champion which stated "enclosed please find my trust check in the amount of $3,332.21 which represents all sums owed."[12]

13.

In the Petition, the Plaintiff alleges that the September 17, 2014 letter from his attorney to Champion included a check payable to Champion in the amount of $3,332.21, which referenced that it was issued in "full payment" and stated on the back of the check that "The endorsement of

---

[8] *See* Petition at ¶ 3.
[9] *Id.*
[10] *Id.*
[11] *See* Petition at ¶ 4.
[12] *See* Petition at ¶ 5.

540901.1

this check is full and final payment of all sums owed to Champion Mortgage by Glenn M. Poteet."[13]

14.

In the Petition, the Plaintiff alleges that he was not provided with the monthly and yearly costs of the reverse mortgage under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq* ("TILA").[14]

## THIS REMOVAL IS TIMELY

15.

Champion was served on April 2, 2015.[15]

16.

Removal is timely under 28 U.S.C. § 1446(b) as less than thirty days have passed from the date of service of the citation and Petition on Champion.

17.

The Court's removal jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331.  This Court also enjoys supplemental jurisdiction over any and all remaining claims pursuant to 28 U.S.C. § 1367.  This matter is being removed pursuant to 28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

18.

This is a civil action based upon alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq* ("TILA").[16]  This action is removable under 28 U.S.C. § 1441(b) without regard to the citizenship or residency of the parties or the amount in controversy.  This Court has original

---

[13] *Id.*
[14] *See* Petition at ¶ 6.
[15] *See* Exhibit B.
[16] *See* Petition at ¶ 6.

jurisdiction under 28 U.S.C. § 1331 over the Plaintiff's claims pursuant to TILA because the Plaintiff's Petition arises under federal law, and federal law provides the primary principle of decision to the exclusion of conflicting state laws to the Plaintiff's claims.  This Court also enjoys supplemental jurisdiction over any and all remaining claims pursuant to 28  U.S.C.  § 1367.

19.

On its face, the Petition asserts a federal question, thereby providing this Court with jurisdiction under 28 U.S.C. § 1331.  In the alternative, the Plaintiff has attempted to engage in artful pleading in an effort to avoid the subject matter jurisdiction of this Court.

20.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, which includes "all process, pleadings and orders served upon" the defendants, is being obtained from the State Court and will be filed into the record upon receipt.

21.

Promptly upon filing this notice of removal, written notice thereof will be given to all adverse parties and a copy of this notice of removal will be filed with the clerk of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

WHEREFORE, Champion Mortgage Company prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Petition be removed from state court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said state court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

RESPECTFULLY SUBMITTED,

**McGLINCHEY STAFFORD, PLLC**

/s/ Jonathan G. Wilbourn
Jonathan G. Wilbourn, T.A. (La. Bar No. 27683)
Melissa M. Grand (La. Bar No. 32477)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
Facsimile:  (225) 343-3076
jwilbourn@mclginchey.com
mgrand@mcglinchey.com

**Attorneys for Champion Mortgage Company**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel of record, namely:

John G. Poteet, Jr.
708 W. University Ave., Ste. 100A
Lafayette, LA 70506

by depositing same in the U.S. Mail, postage prepaid and properly addressed on this 28th day of April, 2015.

/s/ Jonathan G. Wilbourn

540901.1